C. Kevin Marshall (DCSBN 476266)
John C. Brinkerhoff Jr. (DCSBN 1765474)
Janessa B. Mackenzie (DCSBN 90007987)
**JONES DAY**
51 Louisiana Ave., NW
Washington, DC 20001
Telephone: (202) 879-3939
jbrinkerhoff@jonesday.com

David J. Hacker (SBN 249272)
Jeremiah G. Dys (TXSBN 24096415)
Kayla A. Toney (TXSBN 24141332)
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy, Ste. 1600
Plano, TX 75075
Telephone: (972) 941-4444
dhacker@firstliberty.org

*Attorneys for Plaintiffs Christian & Jewish Alliance,*
*Ezra Ministries, and Ruth Mastron*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christian & Jewish Alliance Inc., a California not-for-profit corporation, Ezra Ministries, a California not-for-profit religious corporation, d/b/a The Mission Church, and Ruth Mastron, <br><br> *Plaintiffs*, <br><br> v. <br><br> Daniel Brunner, Aimee Magda Werth, Kristina Turner-Brown, Patrick Hartley, Sasha Miller, Jacob Pagaduan, Jonathan Provance, Maya Karalius, and Does 1-40, <br><br> *Defendants*. | Case No. 3:25-cv-02992-AGS-AHG <br> Judge: Hon. Andrew G. Schopler <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDICIAL NOTICE** <br><br> Date: June 9, 2026 <br> Time: 10:00 a.m. <br> Location: Courtroom 5C |

Defendants' motion for judicial notice (MJN) asks the Court to accept their interpretations of the truth of the contents of what they claim are three webpages and an email. ECF No. 41. But judicial notice is only appropriate for facts "with a high degree of indisputability," Fed. R. Evid. 201(b) note, that are located in "sources that cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendants' request self-evidently does not satisfy this standard. They instead seek an inappropriate end-run around the pleading-stage standards, where this Court must take Plaintiffs' well-pleaded factual allegations as true. *See, e.g., Ass'n for L.A. Dep. Sheriffs v. Cnty. of L.A.*, 648 F.3d 986, 991 (9th Cir. 2011). "Such undermining of the usual pleading burdens is not the purpose of judicial notice." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018). "Here, Defendants repeatedly do what [Rule 201] forbids—ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018). They are "not explaining or arguing the allegations in Plaintiffs FAC—[they are] trying to factually rebut them." *Id.* This Court should deny Defendants' motion.

## **LEGAL STANDARD**

Federal Rule of Evidence 201 limits judicial notice to "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources that cannot reasonably be questioned." "Because judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court, the process of taking ... judicial notice of facts is, as a matter of evidence law, a *highly limited process*." *Harner v. USAA Gen. Indem. Co.*, 2022 WL 1271136, at *1 (S.D. Cal. 2022) (emphasis added); *accord Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005).

Rule 201 permits judicial notice of facts "'that only an unreasonable person would insist on disputing'—for example those found in an 'almanac, dictionary, calendar or similar source.'" *Adan v. Kaiser Found. Health Plan, Inc.*, 2018 WL 1174559, at *5 (N.D.

Cal. Mar. 6, 2018) (quoting *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006)). Facts that might warrant notice would be those akin to acknowledging "that January 4, 1986, was a Saturday, or that a party filed a brief opposing a motion in a state court case, or that a particular document was recorded with the county recorder's office." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1280 (C.D. Cal. 2016). Conversely, judicial notice is inappropriate for facts within documents that are open to varying interpretation, such as the contents of a conference call transcript or the meaning of an email. *See, e.g.*, *Khoja*, 899 F.3d at 999–1000; *In re Apple Inc. Litig.*, 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019).

Judicial notice is properly limited precisely because of its strong implications. In addition to circumventing standards of authentication, evidentiary rules, and limits on the record at the pleading stage, "the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, [so] caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Rivera*, 395 F.3d at 1151 (citation omitted). If notice is granted, this Court would be required to also instruct the jury that the information is an immovable fact of the case. *See* Fed. R. Evid. 201(f) ("In a civil case, the court *must* instruct the jury to accept the noticed fact as conclusive." (emphasis added)).

## ARGUMENT

Defendants ask this Court to improperly and finally resolve a number of questions of fact at the pleading stage, precluding any and all further litigation on them. Despite making such an extraordinary request and facing the incredibly high bar for that relief, Defendants make *no argument whatsoever* for why their bald attempt to circumvent the Complaint satisfies Rule 201. They simply restate bare legal conclusions and their inaccurate and unwarranted extrapolations from the sources. *See* MJN 4–5. Court after court has denied similarly undeveloped requests for judicial notice. *See, e.g.*, *Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 616–17 (C.D. Cal. 2020); *ZombieBox Int'l Inc. v. Generac Power Sys. Inc.*, 721 F. Supp. 3d 798, 803 (D. Ariz. 2024). The same result should

2

follow here.

That said, the result would not change on the merits. Defendants' extreme request for judicial notice of ultimate elements of the case is indefensible.

## I.    Judicial Notice Is Inappropriate for the Webpages.

Defendants ask for notice of the contents of a Wikipedia page for Dr. Einat Wilf and two cherrypicked webpages from what they claim is the Legacy International Center's website. At the pleading stage, Plaintiffs are not willing to concede the authenticity of these sources. That is particularly true for the Legacy Center webpages, as the attached PDFs clearly do not reflect the webpages as presented on the website. Similarly, because Wikipedia pages can be edited by anyone at any time, Plaintiffs dispute authenticity to the extent that Defendants assert that their PDF reflects the state of the page at any particular point in time. Again, this is the pleading stage. Plaintiffs should not have to shadow-box over authenticity of documents that appear nowhere in the Complaint, much less against an unreasoned motion asking for that extraordinary relief.

Problems extend beyond authenticity. Defendants ask not to simply notice that particular content was on particular websites at particular times, but that this content was indisputably true. In other words, they request that Plaintiffs should *never* be able to dispute the truth of this content at any point in litigation, in an apparent end-run around hearsay limitations and discovery rules too. It is nearly impossible to say that particular information "can be accurately and readily determined from sources" like private websites. Fed. R. Evid. 201(b)(2). That is why court after court has held that, when the contents of private webpages are concerned, courts "may not take judicial notice of the truth of the matters asserted [therein]." *Spy Optic, Inc. v. Alibaba.com, Inc.*, 163 F. Supp. 3d 755, 762 (C.D. Cal. 2015). In other words, to the extent "a court may take judicial notice of ... web pages that indicate what was in the public realm at the time," that latitude does not extend to "whether the contents of those articles were in fact true." *Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1002 (N.D. Cal. 2020) (citation omitted). For example, where a webpage describes a company policy, a court can at most only take

RESP. TO MOTION FOR JUDICIAL NOTICE
CASE NO. 3:25-CV-02992-AGS-AHG

judicial notice of the fact that the webpage existed, not that the company "actually had such a policy or complied with the terms stated therein." *Robinson v. Binello*, 771 F. Supp. 3d 1114, 1127 (N.D. Cal. 2025).

Here, Defendants request judicial notice for their interpretation of the truth asserted in Wilf's Wikipedia page. MJN 4 ("Exhibit A reveals that Dr. Wilf describes herself as an atheist. It demonstrates that (1) Dr. Wilf herself is not religious and that any speech by her, as an avowed atheist, could not be part of a religious worship exercise."). Again, a Wikipedia page is not a source that cannot be reasonably questioned. Fed. R. Evid. 201(b)(2). Wikipedia pages are able to be changed at any time, are "subject to remarkable oversights and omissions," often do not contain citations, and might be written from "a heavily unbalanced viewpoint." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1028–29 (C.D. Cal. 2015) (citation omitted). The Ninth Circuit and other district courts in this Circuit have rejected judicial notice of the contents of Wikipedia pages. *See, e.g.*, *Bitton v. Gencor Nutrientes, Inc.*, 654 F. App'x 358, 361–62 (9th Cir. 2016); *In re Yagman*, 473 F. App'x 800, 801 n.1 (9th Cir. 2012); *Altman v. HO Sports Co.*, 821 F. Supp. 2d 1178, 1181 n.2 (E.D. Cal. 2011) (referring to Wikipedia pages as "not an adequate source for purposes of judicial notice"); *Gerritsen*, 112 F. Supp. 3d at 1028–29.

And even if the Wikipedia page were a source that could not be reasonably questioned, this Court could not take judicial notice of the assertion on the webpage that Wilf is an atheist for its truth, much less to support Defendants' unfounded contention that Wilf could thus not be part of a religious worship service. *Spy Optic*, 163 F. Supp. 3d at 762; *Reynolds*, 481 F. Supp. 3d at 1002; *see* MJN 4. Both Christian and Jewish religious organizations have a long tradition of hosting atheist speakers as part of worship services. Nothing in the Wikipedia page even bears on that subject, much less provides a way to "accurately and readily" refute centuries, if not millennia, of religious practice to the contrary. Fed. R. Evid. 201(b)(2). And that is even setting aside that inquiry into the substance of the beliefs of the Mission Church, the Alliance, or Mastron is nonjusticiable. *See* Pl. MTS Resp. 23; Pl. MTD Resp. 22.

Similarly, the Defendants improperly ask the Court to judicially notice the contents of the Legacy Center's webpages about their facilities as establishing that "the Legacy International Center is not used primarily for religious purposes" and that it "is not a place of worship." MJN 5. Again, the webpages are not a "source[] that cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Defendants never explain who drafted them, whether the Legacy Center itself considers them to be a current representation of its services, whether those contents reflect the actual use of its meeting areas, or, if all else is true, the Legacy Center's motivations for framing itself in that way. And even setting this aside, judicial notice again cannot establish that the contents of the webpages are true. *Reynolds*, 481 F. Supp. 3d at 1002; *Robinson*, 771 F. Supp. 3d at 1127. To that end, the webpage contents do not permit this Court "to accurately and readily determine[]," Fed. R. Evid. 201(b)(2), whether the Legacy Center is a place of religious worship. That is now a disputed question both on the pleadings and in the preliminary-injunction record. And under any standard proposed by the parties, the Legacy Center's own views of itself have little to do with the question.

## II.    Judicial Notice Is Improper for the Partial Screenshot.

Defendants also seek judicial notice of what they claim is an "invitation" to the March 19 event, but is, at best, an emailed registration confirmation to the March 19 worship service. They contend that it "reveals that Dr. Wilf's speech on March 19, 2025 was never advertised as religious, discussed religion, part of a worship service, or anything other than a political speech." MJN 4–5. This request too is flawed several times over.

Again, Plaintiffs do not concede authenticity. Before the Court is a partial screenshot of an email registration with a declaration from counsel that merely states, falsely, that the document "is a true and correct copy of the Invitation." *Id.* at 6. Unless Counsel registered for the event (he did not), then he did not receive the invite. Yet he never explains "where the attached copy of the [purported invite] originated," which thus "fail[s] to lay a proper foundation to admit" it. *Hal Roach Studios, Inc. v. Richard Feiner*

RESP. TO MOTION FOR JUDICIAL NOTICE
CASE NO. 3:25-CV-02992-AGS-AHG

*& Co.*, 896 F.2d 1542, 1551 (9th Cir. 1989). Even setting aside a lack of personal knowledge, it is a problem that the authenticating party is counsel for Defendants. While Plaintiffs appreciate that counsel commonly submit declarations introducing exhibits at summary judgment, that stage requires only that someone be able to introduce it at trial. But with judicial notice, Plaintiffs will never again be able to dispute the issue, so this is (apparently) the time for authentication. Yet were Plaintiffs to take counsel up on his offer to "testify" "[i]f called upon," MJN 6, that would only raise other questions regarding legal ethics and privilege waiver. *See* Cal. R. Prof. Conduct 3.7 (setting general rule that "[a] lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness"). All of this goes back to the same fundamental point: This is the pleading stage. No discovery has been conducted. No depositions have occurred. No interrogatories have been sent. Plaintiffs should not be forced to address these issues on the pleading-stage record.

Authentication aside, the screenshot is plainly not a "source[] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Neither the sender nor recipient of the email is apparent. Neither is the date or any other identifying information. It is entirely unlike an "almanac, dictionary, calendar," *Adan*, 2018 WL 1174559, at *5, or government website, which have "inherent[] reliab[ility]." *Rollins*, 338 F. Supp. 3d at 1032–33.

The facts contained in this document are likewise not appropriate for judicial notice, as they are open to varying interpretations about how they bear on whether the event was advertised as a religious service. *In re Apple*, 386 F. Supp. 3d at 1165 (denying judicial notice because the meaning of an email is subject to "reasonable dispute"). For example, Defendants wish to extrapolate the mental state of numerous individuals from what they claim is an invitation. They do not say, much less irrefutably prove as Rule 201 requires, who received the email or whether this email was the only source of knowledge about the event from that individual. More to the point, the Declaration's description is materially false: It is not an "[i]nvitation" to the service. *See* MJN 4, 6. It

6

purports to be a confirmation email received after registering. To receive it, one would have to know about the service to register, presumably on a webpage that would provide even further information about the service. Yet no details about this knowledge, much less about who registered and why, are provided. At bottom, Defendants request that the Court accept their very unjustified interpretation of what this document asserts.

Finally, Defendants also appear to wish to use this screenshot for the truth of the matter asserted regarding the purportedly political nature of the service. Even if this Court could take judicial notice of the existence of the document, it certainly could not take notice of its contents for the truth of the matter asserted. *See, e.g.*, *ImprimisRx, LLC v. OXRX, Inc.*, 2022 WL 3371343, at *6 (S.D. Cal. 2022) (taking judicial notice of warning letters but not their contents); *Daghlian v. Devry Univ., Inc.*, 461 F. Supp. 2d 1121, 1146–47 (C.D. Cal. 2006) (taking judicial notice of administrative reports including their contents, but not "for their truth" due to a disputed issue of fact).

## **CONCLUSION**

For the foregoing reasons, this Court should deny the Defendants' motion.

Dated: April 28, 2026

By: */s/ John C. Brinkerhoff Jr.*
John C. Brinkerhoff Jr.

David J. Hacker (SBN 249272)
Jeremiah G. Dys (*pro hac vice*)
Kayla A. Toney (*pro hac vice*)
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy, Ste. 1600
Plano, TX 75075
Telephone: (972) 941-4444
e-mail: dhacker@firstliberty.org

C. Kevin Marshall (*pro hac vice*)
John C. Brinkerhoff Jr. (*pro hac vice*)
jbrinkerhoff@jonesday.com
Janessa B. Mackenzie (*pro hac vice pending*)
**JONES DAY**
51 Louisiana Ave., NW
Washington, DC 20001
Telephone: (202) 879-3939
e-mail: jbrinkerhoff@jonesday.com

*Attorneys for Plaintiffs Christian & Jewish Alliance,*
*Ezra Ministries, and Ruth Mastron*

RESP. TO MOTION FOR JUDICIAL NOTICE
CASE NO. 3:25-CV-02992-AGS-AHG