Thomas B. Harvey (SBN 287198)
**Law Offices of Thomas B. Harvey**
365 E. Avenida de Los Arboles, #226
Thousand Oaks, CA 91360
Telephone: (805)768-4440
Email: tbhlegal@proton.me

Ben Gharagozli (SBN 272302)
**Law Offices of Ben Gharagozli**
7655 Winnetka Avenue, #2010
Winnetka, CA 91306
Telephone: (310) 272-9211
Facsimile: (855) 628-5517
Email: ben@lobglaw.com

Mark Kleiman (SBN 115919)
**Kleiman/Rajaram**
12121 Wilshire Blvd., Suite 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Email: mark@krlaw.us

Attorneys for Defendants, Daniel Brunner, Aimee Magda Werth, Kristina Turner-Brown, Patrick Hartley, Sasha Spite Miller, Jacob Pagaduan, Jonathan Provance, and Maya Karalius

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christian and Jewish Alliance Inc., a California not-for-profit corporation, Ezra Ministries, a California not-for-profit religious corporation, d/b/a The Mission Church, and Ruth Mastron,<br><br>*Plaintiffs,*<br><br>v.<br><br>Daniel Brunner, Aimee Magda Werth, Kristina Turner-Brown, Patrick Hartley, Sasha Spite Miller, Jacob Pagaduan, Jonathan Provance, Maya Karalius, and Does 1-40,<br><br>*Defendants*. | Case No. 3:25-cv-02992-W-AHG<br><br>Judge: Hon. Andrew G. Schopler<br><br>**SUPPLEMENTAL DECLARATION OF BEN GHARAGOZLI IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT**<br><br>Date:       August 19, 2026<br>Time:       10:00 am<br>Location:  Edward J. Schartz<br>               United States Courthouse<br>               221 West Broadway<br>               San Diego, CA 92101 |

SUPPLEMENTAL DECLARATION OF BEN GHARAGOZLI IN SUPPORT OF ANTI-SLAPP MOTION

# SUPPLEMENTAL DECLARATION OF BEN GHARAGOZLI IN SUPPORT OF DEFENDANTS' ANTI-SLAPP MOTION TO PLAINTIFFS' FIRST AMENDED COMPLAINT

I, Ben Gharagozli, declare:

1.     My name is Ben Gharagozli, and my business address is 7655 Winnetka Avenue, #2010 Winnetka, CA 91306.  I am not a party to this lawsuit.

2.     I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

3.     I represent the Defendants in this action.

4.     On May 18, 2026 beginning on or about 1 pm Pacific Standard Time, I met and conferred with Plaintiffs' counsel, John C. Brinkerhoff Jr. via tele-video conference.  The following is a summary of the pertinent points of that meet and confer discussion based on my recollection and notes:

    a. Mr. Brinkerhoff and I discussed case management issues including new hearing dates for the pending law and motion matters before the Court.  I confirmed that Defendants do not plan on calling any witnesses at the hearing and Mr. Brinkerhoff confirmed the same.

    b. We also discussed the issue of requesting judicial notice regarding Dr. Wilf's atheism.  Mr. Brinkerhoff told me that his clients maintain their position, specifically that they are only declining to dispute the issue for purposes of their motion for preliminary injunction and not Defendants' Rule 12(b)(6) motion to dismiss.  I noted that Defendants plan on requesting judicial notice of Dr. Wilf's YouTube footage where she confirms that she is an atheist.

    c. I sought to resolve the dispute regarding whether Defendants' anti-SLAPP motion to Plaintiffs' First Amended Complaint (Document 42, filed on April 7, 2026) (hereinafter "anti-SLAPP motion") is a legal or factual challenge.  I reaffirmed Defendants' position that the

1

anti-SLAPP motion is a factual challenge especially in light of the declarations that accompanied the motion. I proposed that to streamline the issue, we withdraw our briefings and resubmit them with the understanding that Defendants' anti-SLAPP motion is a factual challenge so as to permit Plaintiffs' to support their second prong burden with evidence. Mr. Brinkerhoff declined. I also offered Plaintiffs' counsel the opportunity to do discovery and the opportunity to gather declarations in support of their opposition to their anti-SLAPP motion. Mr. Brinkerhoff declined. Mr. Brinkerhoff indicated that if their position (which I understood to be that the anti-SLAPP motion is a legal challenge) is wrong, then they are in trouble since they did not support their opposition with evidence. Mr. Brinkerhoff represented to me that our anti-SLAPP motion only cited to Mr. Brunner's declaration once at the end. In response, I identified the multiple instances where we cited to other declarations throughout the anti-SLAPP motion. Mr. Brinkerhoff seemed to be under the impression that we only attached Mr. Brunner's declaration and I identified all of the other declarations that accompany Defendants' anti-SLAPP motion. Nevertheless, Mr. Brinkerhoff maintained his position that Plaintiffs did not wish to do discovery at this time, and did not wish to gather declarations in support of their opposition to Defendants' anti-SLAPP motion at this time.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed this 22nd day of June 2026.

*/s/ Ben Gharagozli*

_____

Ben Gharagozli

SUPPLEMENTAL DECLARATION OF BEN GHARAGOZLI IN SUPPORT OF ANTI-SLAPP MOTION