Thomas B. Harvey (SBN 287198)
**Law Offices of Thomas B. Harvey**
365 E. Avenida de Los Arboles, #226
Thousand Oaks, CA 91360
Telephone: (805)768-4440
Email: tbhlegal@proton.me

Ben Gharagozli (SBN 272302)
**Law Offices of Ben Gharagozli**
7655 Winnetka Avenue, #2010
Winnetka, CA 91306
Telephone: (310) 272-9211
Facsimile: (855) 628-5517
Email: ben@lobglaw.com

Mark Kleiman (SBN 115919)
**Kleiman/Rajaram**
12121 Wilshire Blvd., Suite 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Email: mark@krlaw.us
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Christian and Jewish Alliance Inc., a California not-for-profit corporation, Ezra Ministries, a California not-for-profit religious corporation, d/b/a The Mission Church, and Ruth Mastron,<br><br>*Plaintiffs,*<br><br>v.<br><br>Daniel Brunner, Aimee Magda Werth, Kristina Turner-Brown, Patrick Hartley, Sasha Spite Miller, Jacob Pagaduan, Jonathan Provance, Maya Karalius, and Does 1-40,<br><br>*Defendants*. | Case No. 3:25-cv-02992-AGS-AHG<br><br>Judge: Hon. Andrew G. Schopler<br><br>**DEFENDANTS' NOTICE OF ERRATA RE: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF NO. 40)**<br><br>Date: October 21, 2026<br>Time: 2:00 p.m.<br>Location: Edward J. Schwartz United States Courthouse 221 West Broadway San Diego, CA 92101 |

## NOTICE OF ERRATA

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Daniel Brunner, Aimee Magda Werth, Kristina Turner-Brown, Patrick Hartley, Sasha Spite Miller, Jacob Pagaduan, Jonathan Provance, and Maya Karalius ("Defendants") submit this Notice of Errata to correct inadvertent errors in their Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint, filed April 7, 2026 (ECF No. 40) (the "Motion"). All references are to the Motion's internal page and line numbers.

### 1. Withdrawal of *Laughon v. International Alliance of Theatrical Stage Employees* (Motion at 29:1–4)

*Original text:*

> Liability attaches to a protest organizer for the unlawful acts of participants only where the organizer "specifically authorized" or "directed" those acts. *Laughon v. Int'l Alliance of Theatrical Stage Empls.*, 248 F.3d 931, 935 (9th Cir. 2001).

Defendants withdraw the citation to *Laughon*. That decision concerns a Title VII claim against an international union; it does not contain the quoted language and does not address the liability of protest organizers. The sentence is corrected to read:

*Corrected text:*

> An organizer of a political protest "cannot be held personally liable for acts committed by other protesters unless he or she authorized, directed or ratified specific tortious activity, incited lawless action, or gave specific instructions to carry out violent acts or threats." *Lam v. Ngo*, 91 Cal. App. 4th 832, 837 (2001); *see also NAACP v.*

> *Claiborne Hardware Co.*, 458 U.S. 886, 927 (1982) (liability may be imposed on a leader upon "a finding that he authorized, directed, or ratified specific tortious activity").

**2. Withdrawal of *Davis v. United States* (Motion at 29:12–20)**

*Original text:*

> Article III of the Constitution limits federal jurisdiction to actual "Cases" and "Controversies," and requires that each plaintiff establish standing to bring each claim she asserts. *Lujan v. Defenders of Wildlife*, 504 U.S. 560 . . . . Where a plaintiff asserts claims arising from multiple distinct events, she must independently establish standing as to each. *Davis v. United States*, 343 F.3d 1282, 1286 (10th Cir. 2003).

Defendants withdraw the citation to *Davis v. United States*, which addresses joinder under Federal Rule of Civil Procedure 19 and does not discuss Article III standing. Defendants also correct the incomplete citation to *Lujan*. The passage is corrected to read:

*Corrected text:*

> Article III of the Constitution limits federal jurisdiction to actual "Cases" and "Controversies," and requires that each plaintiff establish standing to bring each claim she asserts. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). . . . Standing "is not dispensed in gross"; a plaintiff "must demonstrate standing for each claim he seeks to press." *Davis v. FEC*, 554 U.S. 724, 734 (2008) (citations and internal quotation marks omitted); *accord TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Accordingly, where a plaintiff asserts claims arising from multiple distinct events, she must establish standing for the claims arising from each.

**3. Correction to Description of *Counterman v. Colorado* (Motion at 14:16–20)**

*Original text:*

> Counterman's scienter requirement has also been applied to civil causes of action based on threats. *Id.* at 80–81. *See also Kindschy v. Aish*, 412 Wis.2d 319, 333 (Sup. Ct. Wis. 2024) (applying Counterman's scienter rule to a civil dispute).

The cited pages of the *Counterman* majority opinion do not hold that its scienter rule applies to civil claims. The passage is corrected to read:

*Corrected text:*

> *Counterman* explained that its recklessness standard "fits with the analysis in our defamation decisions," in which the Court "adopted a recklessness rule, applicable in both civil and criminal contexts." *Id.* at 80. Courts have since applied *Counterman*'s scienter rule to civil claims based on alleged threats. *See Kindschy v. Aish*, 2024 WI 27, ¶¶ 17–21, 412 Wis. 2d 319, 8 N.W.3d 1 (applying *Counterman* to a civil harassment injunction).

**4. Corrections Regarding "Place of Religious Worship" (Motion at 15:8–9, 15:22–26, 16:4–6, 16:16)**

The Motion cites 18 U.S.C. § 248(e)(2) at 15:8–9 and 16:16 as the source of the term "place of religious worship." Section 248(e)(2) defines "interfere with"; the term "place of religious worship" appears in § 248(a)(2) and, as the Motion acknowledges at 15:13, is not defined in the statute. Each of those references to "§ 248(e)(2)" is corrected to read "§ 248(a)(2)."

The Motion also includes reference to the Joint Conference Report at 15:22–26. The Report states that § 248 "covers only conduct occurring at or in the immediate vicinity of a place of religious worship, such as a church, synagogue or other structure

or place used primarily for worship." H.R. Rep. No. 103-488, at 9 (1994) (Conf. Rep.) (quoted in *Jingrong*, 16 F.4th at 59). The quotation at 15:22–26 is corrected to read accordingly, and the parenthetical "(emphasis in original)" at 15:26 is deleted.

The Motion also states, at 16:4–6, that the Legacy International Center was "not 'established for the primary purpose of religious exercise' as the statute requires." As Defendants acknowledged in their Reply (ECF No. 51 at 13–14), that phrase derives from a definition that was erroneously attributed to the statute in Defendants' original motion to dismiss (ECF No. 29). The sentence is corrected to read:

*Corrected text:*

> Although the FAC characterizes the Center as "a Christian religious center," a facility established to accommodate paying guests is not a "structure or place used primarily for worship," H.R. Rep. No. 103-488, at 9 (1994) (Conf. Rep.), or a space designated "primarily to gather for or to hold religious worship activities," *Jingrong*, 16 F.4th at 57.

**5. Typographical Corrections**

(a) The case name "Clairborne" at vi:21, 13:14, 27:22, and 28:14 is corrected to "Claiborne." (b) The case number in the caption at i:16 is corrected to read "3:25-cv-02992-AGS-AHG."

**6. Conforming Changes to the Table of Authorities**

The Table of Authorities is conformed to the corrections above: the entries for *Davis v. United States*, 343 F.3d 1282 (10th Cir. 2003), and *Laughon v. Int'l Alliance of Theatrical Stage Empls.*, 248 F.3d 931 (9th Cir. 2001), are deleted; entries are added for *Davis v. FEC*, 554 U.S. 724 (2008) (p. 29); *Lam v. Ngo*, 91 Cal. App. 4th 832 (2001)

(p. 29); and *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) (p. 29); the *Kindschy* entry is corrected to read *Kindschy v. Aish*, 2024 WI 27, 412 Wis. 2d 319, 8 N.W.3d 1; page 29 is added to the *Claiborne Hardware* entry; and page 16 is added to the H.R. Conf. Rep. No. 103-488 entry.

These corrections do not otherwise alter the arguments presented in the Motion or the relief requested.

DATED: October 19, 2026

RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS B. HARVEY

BY: [signature]

Thomas B. Harvey

LAW OFFICES OF BEN GHARAGOZLI

BY: /s/ Ben Gharagozli

Ben Gharagozli

Attorneys for Defendants