Thomas B. Harvey (SBN 287198)
**Law Offices of Thomas B. Harvey**
365 E. Avenida de Los Arboles, #226
Thousand Oaks, CA 91360
Telephone: (805)768-4440
Email: tbhlegal@proton.me

Ben Gharagozli (SBN 272302)
**Law Offices of Ben Gharagozli**
7655 Winnetka Avenue, #2010
Winnetka, CA 91306
Telephone: (310) 272-9211
Facsimile: (855) 628-5517
Email: ben@lobglaw.com

Mark Kleiman (SBN 115919)
**Kleiman/Rajaram**
12121 Wilshire Blvd., Suite 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Email: mark@krlaw.us

Attorneys for Named Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Christian and Jewish Alliance Inc., a California not-for-profit corporation, Ezra Ministries, a California not-for-profit religious corporation, d/b/a The Mission Church, and Ruth Mastron,<br><br>*Plaintiffs,*<br><br>v.<br><br>Daniel Brunner, Aimee Magda Werth, Kristina Turner-Brown, Patrick Hartley, Sasha Spite Miller, Jacob Pagaduan, Jonathan Provance, Maya Karalius, and Does 1-40,<br><br>*Defendants*. | Case No. 3:25-cv-02992-AGS-AHG<br><br>**DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. ANDREW G. SCHOPLER<br><br>Date: October 21, 2026<br><br>Time: 2:00 PM<br><br>Location: Edward J. Schwartz United States Courthouse 221 West Broadway San Diego, CA 92101 |

**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

Defendants Daniel Brunner, Aimee Magda Werth, Kristina Turner-Brown, Patrick Hartley, Sasha Spite Miller, Jacob Pagaduan, Jonathan Provance, and Maya Karalius (hereinafter "Named Defendants") hereby request that the Court take judicial notice of the Opinion entered on September 30, 2026 by the United States District Court for the District of New Jersey in *United States v. Party for Socialism and Liberation New Jersey, et al.*, No. 2:25-cv-16049 (KSH) (JRA) (D.N.J. Sept. 30, 2026), ECF No. 113 (the "PSL Opinion"), in support of Named Defendants' Motion to Dismiss First Amended Complaint (ECF No. 40) (the "Motion"). In the PSL Opinion, the court dismissed a claim under the Freedom of Access to Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248(a)(2), against all six moving defendants (two organizations and four individuals), each of whom was sued for organizing or taking part in a pro-Palestinian protest at a synagogue. A true and correct copy of the PSL Opinion is attached as **Exhibit A**. Named Defendants request judicial notice of the existence and content of the PSL Opinion, including the court's legal analysis and rulings, and not of the truth of any factual allegations recited in it. The PSL Opinion was issued after briefing on the Motion closed.

**BASIS FOR REQUESTING JUDICIAL NOTICE**

On a motion to dismiss a complaint, a court may take judicial notice of matters of public record in accordance with Federal Rule of Evidence 201 without converting the motion to dismiss to a motion for summary judgment. *Lee v. City of*

*Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1108–09 (N.D. Cal. 2003).

Court filings in other cases are among the most common subjects of judicial notice. A court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

When a court takes judicial notice of another court's opinion, it does so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee*, 250 F.3d at 690 (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999)); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (court may not take judicial notice of disputed facts contained in public records). Named Defendants request judicial notice for that

limited purpose only. The PSL Opinion recites facts taken from the government's complaint, which the New Jersey court assumed to be true solely for purposes of ruling on the motions to dismiss. (Ex. A at 2.) Named Defendants do not ask this Court to accept any of those facts as true. They ask the Court to notice that the PSL Opinion was issued and the legal conclusions it reached.

The PSL Opinion satisfies Rule 201(b)(2). It is a filed record of the United States District Court for the District of New Jersey, bearing that court's ECF header (Case 2:25-cv-16049-KSH-JRA, Document 113, filed 09/30/26), and it is available on that court's public docket through PACER. Its existence and contents cannot reasonably be questioned. Although the PSL Opinion is designated "Not for Publication," nothing prevents this Court from considering it as persuasive authority. Because it issued only recently, Named Defendants submit a complete copy so that the Court and Plaintiffs have ready access to it.

The PSL Opinion also bears "a direct relation to matters at issue" here. *Robinson Rancheria*, 971 F.2d at 248. Plaintiffs' First Claim for Relief arises under the same provision, 18 U.S.C. § 248(a)(2), and seeks to hold pro-Palestinian protesters, and an alleged organizer, liable for protest activity directed at events that Plaintiffs characterize as worship services. (FAC ¶¶ 235–256.) The PSL Opinion is one of the few federal decisions construing § 248(a)(2) in the place-of-religious-worship context. It addresses the questions the Motion presents: what conduct § 248(a)(2) reaches, whether force must be directed at religious exercise, what must be

pleaded as to each individual defendant, whether a protest organizer may be held liable for the conduct of others, and what makes a place a "place of religious worship."

Furthermore, Plaintiffs' do not oppose Defendants' request to take judicial notice of the opinion. (Harvey Decl, ¶ 3, **Ex. B**)

Accordingly, Named Defendants request that the Court take judicial notice of **Exhibit A**.

Named Defendants hereby request that the Court take judicial notice of the following document attached as **Exhibit A**.

| **Exhibit** | **Description** |
|---|---|
| A | Opinion, *United States v. Party for Socialism and Liberation New Jersey, et al.*, No. 2:25-cv-16049 (KSH) (JRA) (D.N.J. Sept. 30, 2026), ECF No. 113 (31 pages). |

**Exhibit A** is judicially noticeable because its existence and content "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). It is a filed opinion of a United States District Court, publicly available on that court's docket. Its relevance to each section of the Motion is as follows.

*Protected expression and true threats (Motion § V.A).* **Exhibit A** shows that the court held that "[t]he FACE Act does not impose liability for disruptive,

offensive, or hostile advocacy as such," and that "nonviolent, nonobstructive advocacy through voice, handbills, signs, symbolic gestures, and similar expression remains outside FACE even if it is unwelcome or offensive." (Ex. A at 1, 9.) It further held that a "threat of force" under § 248(a)(2) must be a true threat under *Counterman v. Colorado*, 600 U.S. 66 (2023), and that "[p]olitical hyperbole does not qualify." (Ex. A at 10.) These holdings bear on the Motion's showing that marching, chanting, signs, and bullhorns are not force, threats of force, or physical obstruction. (Mot. at 8–15.)

*Nexus between force and religious exercise (Motion §§ V.A.1, V.C, V.D.4).* **Exhibit A** shows that the court does "not read § 248(a)(2) of the FACE Act as federalizing every physical confrontation that occurs on the grounds of a place of worship." (Ex. A at 13.) That a confrontation occurred on the grounds of a place of worship "supplies the where, but it alone does not supply the what": an intentional interference with religious exercise. (*Id.* at 14.) Although the court declined to read into § 248(a)(2) a separate "because of" motive requirement like the one in § 248(a)(1), it held that the statute's text "make[s] motive inherent" and requires a plausible allegation "that the defendant intentionally used one of the specified means to injure, intimidate, or interfere with protected religious exercise." (*Id.* at 10 & n.2.) These holdings bear on the FAC's theory that Defendants Turner-Brown, Miller, and Pagaduan violated the FACE Act "[b]y forcefully resisting removal from the Sanctuary" (FAC ¶ 243), and on the Motion's showing that the force alleged on

March 19 was directed at security personnel and an audience member during removal, not at religious exercise. (Mot. at 9–10, 19–20, 24–25.)

*Individual conduct and group pleading (Motion § V.D).* **Exhibit A** shows that the court held that "[t]he statute requires more than being part of a group, or crowd of protestors; there must be pleaded facts about the actor's own conduct," even "where . . . the complaint alleges substantial conduct by others in the crowd." (Ex. A at 23.) It held that "bolstering insufficiently pleaded counts by characterizing the protest as a whole as disruptive will not suffice and treads on First Amendment rights of protest" (*id.* at 25–26), and criticized the complaint for "demoniz[ing] protestors who exercise their own First Amendment rights as being part of a mob" (*id.* at 14). The FAC likewise describes Defendants as "a mob" (FAC ¶¶ 1, 208) and seeks to hold each group of Defendants "jointly and severally liable" for each event (FAC ¶¶ 244, 249, 256). (*See* Mot. at 22–26.)

*Organizer liability (Motion §§ V.D.5, V.E).* **Exhibit A** shows that the court held that organizing or promoting a protest is not itself a FACE Act violation. A post that "announces a protest, expresses opposition to the event, and provides the date, time, and a public intersection at which participants were to assemble" is "a call to assemble and engage in political advocacy," which is protected "even when its viewpoint is sharply contested or its subject matter deeply divisive." (Ex. A at 28.) "Identifying the subject of a public protest is not, without more, a threat of force," and "wearing a mask, or urging others to wear one, is not itself force, a threat of

force, or physical obstruction." (*Id.* at 29.) The court rejected an allegation that a defendant "led" the protest as "[a] conclusory assertion of leadership bereft of any facts from which one could plausibly infer [the defendant] was a leader," which "is exactly the sort of allegation *Iqbal* instructs courts to set aside." (*Id.* at 25.) And, relying on *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982), it refused to impose liability based on association with persons who allegedly engaged in unlawful conduct. (Ex. A at 29–30.) These holdings bear on the FAC's allegations, made largely on information and belief, that Defendant Brunner "planned," "organized," "directed," and "coordinated" the conduct of others (FAC ¶¶ 36, 132, 147, 199, 252), and on its repeated references to masks (FAC ¶¶ 106, 162–164, 167–169). (*See* Mot. at 26–29.)

*Place of religious worship and the character of the events (Motion §§ V.B, V.C).* **Exhibit A** shows that the court applied the Second Circuit's definition of a "place of religious worship": "anywhere that religious adherents collectively recognize or religious leadership designates as a space primarily to gather for or hold religious worship activities," and that a site "does not qualify solely because worship occurs there incidentally." (Ex. A at 22 (quoting *Jingrong v. Chinese Anti-Cult World All., Inc.*, 16 F.4th 47, 49 (2d Cir. 2021)).) Applying that test, the court held that a room in a private home was not adequately pleaded as a place of religious worship, even though the complaint alleged that it had been set aside for communal prayer and study and held a Jewish library and sacred texts. (Ex. A at 22.) The court also

questioned whether the religious components of the event had been added to what was originally scheduled as a real estate fair, and directed the government to clarify the event's character in any amended complaint. (*Id.* at 18–19, 30–31.) These holdings bear on the Motion's showing that the Legacy International Center, a commercial hotel and event venue, is not a place of religious worship (Mot. at 15–16), and that the March 19, 2025 event was a political lecture by a former member of the Knesset that opened with a prayer (Mot. at 3, 17–20; FAC ¶¶ 76, 82–86).

DATED: October 19, 2026

RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS B. HARVEY

BY: [signature]

Thomas B. Harvey

LAW OFFICES OF BEN GHARAGOZLI

BY: ___/s/ Ben Gharagozli

Ben Gharagozli

Attorneys for Defendants

# **DECLARATION OF THOMAS B. HARVEY**

I, Thomas B. Harvey, hereby declare as follows:

1. I am an attorney duly licensed to practice law before all courts in the State of California and am admitted to practice before this Court as well. I represent Named Defendants. If called upon to do so, I could and would testify competently to the following based upon firsthand knowledge.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Opinion filed on September 30, 2026 in *United States v. Party for Socialism and Liberation New Jersey, et al.*, No. 2:25-cv-16049 (KSH) (JRA), ECF No. 113, in the United States District Court for the District of New Jersey, which I obtained by downloading it from Court Listener. The Court's attention is respectfully directed to pages 1, 9–10, 13–14, 18–19, 22–23, 25–26, and 28–31 of the Opinion.

3. Attached hereto as **Exhibit B** is a true and correct copy of an email correspondence between myself and Plaintiffs' counsel, Mr. John Brinkerhoff.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed this 19th day of October 2026.

Thomas B. Harvey