C. Kevin Marshall (DCSBN 476266)
John C. Brinkerhoff Jr. (DCSBN 1765474)
**JONES DAY**
51 Louisiana Ave., NW
Washington, DC 20001
Telephone: (202) 879-3939
jbrinkerhoff@jonesday.com

David J. Hacker (SBN 249272)
Ryan Gardner (TXSBN 24101790)
Caroline Hoch (TXSBN 24149660)
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy, Ste. 1600
Plano, TX 75075
Telephone: (972) 941-4444
dhacker@firstliberty.org

*Attorneys for Plaintiffs Christian & Jewish Alliance, Ezra Ministries, and Ruth Mastron*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

Christian & Jewish Alliance Inc., a California not-for-profit corporation, Ezra Ministries, a California not-for-profit religious corporation, d/b/a The Mission Church, and Ruth Mastron,

*Plaintiffs*,

v.

Daniel Brunner, Aimee Magda Werth, Kristina Turner-Brown, Patrick Hartley, Sasha Miller, Jacob Pagaduan, Jonathan Provance, Maya Karalius, and Does 1-40,

*Defendants*.

Case No. 3:25-cv-02992-AGS-AHG
Judge: Hon. Andrew G. Schopler

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF ERRATA**

Date: October 21, 2026
Time: 2:00p.m.
Location: Courtroom 5C

# RESPONSE TO DEFENDANTS' NOTICE OF ERRATA

Two days before the hearing on their motion to dismiss, Defendants filed what they styled as a "Notice of Errata," which entirely deletes three fabricated citations, adds three new citations, rewrites arguments to correct several other false characterizations of cases, and invokes new parts of other sources. *See* ECF 77. In doing so, Defendants materially change several arguments and invoke a range of new authority months after briefing on the motion concluded and Plaintiffs flagged the issue. Plaintiffs file this response to clarify the law and the record to inform whatever action the Court may wish to take on this recurring problem.

**1.** In their response to Defendants' motion to dismiss, Plaintiffs identified two fabricated citations that Defendants invoked in multiple briefs. MTS Resp., ECF No. 47, at 29–30. Defendants' reply brief failed to acknowledge one of these citations (and its accompanying substantive argument), yet they now withdraw it in full. Defendants called the other fabricated citation Plaintiffs expressly identified—a statutory subsection *that does not exist* (purportedly defining "place of religious worship")—a "housekeeping matter" and "drafting error." MTD Reply, ECF No. 51, at 13–14. Even as they finally acknowledge these and other false citations months later, they still do not acknowledge the problem, instead maintaining that the citations were "errata" and "inadvertent errors." Notice 2.

Fabrications are not "housekeeping matter[s]," "drafting error[s]," or "errata." The California Rules of Professional Conduct make clear that citing false sources—whether sources that simply "do not exist" or "real authorities" that are "gross[ly] misrepresent[ed]"—violates the duties of competence and diligence. *Malkeet Lnu v. Blanche*, 177 F.4th 1014, 1026–28 (9th Cir. 2026); *see* Cal. R. Pro. Conduct 1.1, 1.3; *Grant v. City of Long Beach*, 96 F.4th 1255, 1256 (9th Cir. 2024). Those duties require counsel not only to "review the output of generative AI for fabrications and basic accuracy" but also "to read the legal authorities they cite … to determine that the authorities stand for the propositions for which they are cited." *Malkeet*, 177 F.4th at 1026 (quoting *Noland*

*v. Land of the Free, LP*, 3366 Cal. Rptr. 3d 897, 912 (Ct. App. 2025)). Further, California Rule of Professional Conduct 3.3(a)(1) imposes a duty of candor, which "requires a transparent disclosure of the source of the errors." *Malkeet*, 177 F.4th at 1030. In *Malkeet*, the Ninth Circuit held that a party's attempt to replace fabricated citations using a "Notice of Errata" that "simply listed the fabricated citations and said that each was 'an error' or 'incorrect'" was "not sufficient disclosure," and instead was "subtle subterfuge." *Id.* "An attorney who erroneously submits a hallucination in a brief must notify the Court and opposing counsel immediately, describe the nature of the error (a fabrication, a gross misrepresentation, *etc.*), and disclose how the error came about." *Id.*

Though not at all required for fabrications to violate California Rules, it is worse that, here, the fabrications were material.[1] Consider again Defendants' fabrication of a statutory definition for "place of religious worship," which they downplayed as supposedly reflecting the analysis in *Jingrong v. Chinese Anti-Cult World All. Inc.*, 16 F.4th 47, 59 (2d Cir. 2021). That was no mere "errata." Plaintiffs have argued not only that they satisfy any standard for place of worship (including the one *Jingrong* announced), but also that *Jingrong* is no longer persuasive, particularly in light of intervening Supreme Court precedent that sharply undermines its acceptance of discrimination between religions based on doctrine regarding worship services. *See Cath. Charities Bureau, Inc. v. Wis. Labor & Indus. Rev. Comm'n*, 605 U.S. 238, 248–49 (2025) (holding that the Establishment Clause precludes distinctions "based on … how [people] worship [or] hold services" and did not allow conditioning benefits based on whether a charity "operated primarily for religious purposes"); MTD Resp. 22–23. Plaintiffs' argument sounds in constitutional avoidance, so is viable because (1) *Jingrong* itself found "place of religious worship" to be ambiguous, which brings the avoidance canon into play, and (2)

---

[1] For purposes of the California Rules of Professional Conduct, it does not matter whether the fabrications were the result of generative AI use, whether "other cases may stand for the propositions asserted," or whether those propositions are "case determinative or hotly contested." *Malkeet Lnu*, 177 F.4th at 1027.

*Jingrong*'s (improper) resolution of that ambiguity is not binding on this Court. Neither of these factors would have been true if the fabricated statutory definition actually existed, so Plaintiffs' argument would not be viable.

Defendants' attempt to substitute *Lam v. Ngo*, 91 Cal. App. 4th 831 (Ct. App. 2001), for *Laughton v. Int'l Alliance of Theatrical Stage Employees*, 248 F.3d 931 (9th Cir. 2001), is equally problematic. As with the fabricated statutory section, they swap out what they presented, inaccurately, as binding authority (a Ninth Circuit decision) for what is, at most, persuasive authority. Even setting that aside, Defendants originally suggested that *Laughton* concerned elements of California state law. *Lam*, instead, is a case about the First Amendment in the context of a protest riot. That has no application to Brunner's aid to trespassers, the only claim relevant to the aiding-and-abetting law Defendants challenged. Under the First Amendment, the "'general public does not have a First Amendment right to access private property for expression.'" MTS Resp. 11–12 n.5 (quoting *Wright v. Incline Vill. Gen. Imp. Dist.*, 665 F.3d 1128, 1137 (9th Cir. 2011)).

This is not the only case in which AI-generation issues have arisen. In at least one other recent case, Defendants' counsel repeatedly submitted unreviewed AI outputs, such as one that "includ[ed] the [prompt] … that [he] put into Claude asking Claude to create the response [he] provided." *Weinberg v. Nat'l Students for Justice in Palestine*, No. 2:25-cv-03714, ECF No. 159, at 13–14, 20–21 (C.D. Cal. May 14, 2026). Repeatedly expressing "concern[] about [his] continuing representation in this case," the court there required counsel to read an order regarding his deficient performance to his clients. *Id.* at 13–14 (noting it was not ordering further sanctions *only* because of concern about prejudicing his clients).

**2.** On top of the issues involving California's Rules of Professional Conduct, Defendants' use of fabricated sources has prejudiced Plaintiffs. Plaintiffs first were forced to waste meaningful time proving negatives and addressing the worst offenses in their briefing. Defendants then ignored most of the fabrications, leaving the false citations in place before this Court. Plaintiffs were content to leave things at that

without escalating a suit that already involves charged subject matter. But now, just two days before the hearing, Defendants try to use their Notice of Errata not only to downplay what occurred, but to replace their arguments and fabricated sources with *new* arguments and sources. Defendants' cavalier approach to fabrications and untimely arguments severely increase concerns that their prior conduct will continue. Plaintiffs are thus compelled to correct the record and law here.

**3.** That said, other than noting that Defendants' new arguments are clearly untimely and in excess of page limits, Plaintiffs take no position on the appropriate relief for Defendants' fabricated citations and improper "Notice of Errata." Plaintiffs simply want to ensure that the record and the law are clear ahead of the hearing, and to apprise the Court of this concerning pattern in Defendants' filings to avoid future problems.

Dated: October 20, 2026

By: */s/ John C. Brinkerhoff Jr.*
John C. Brinkerhoff Jr.

David J. Hacker (SBN 249272)
Ryan Gardner (*pro hac vice*)
Caroline Hoch (*pro hac vice*)
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy, Ste. 1600
Plano, TX 75075
Telephone: (972) 941-4444
Email: dhacker@firstliberty.org

C. Kevin Marshall (*pro hac vice*)
John C. Brinkerhoff Jr. (*pro hac vice*)
**JONES DAY**
51 Louisiana Ave., NW
Washington, DC 20001
Telephone: (202) 879-3939
Email: jbrinkerhoff@jonesday.com

*Attorneys for Plaintiffs Christian & Jewish Alliance, Ezra Ministries, and Ruth Mastron*