C. Kevin Marshall (DCSBN 476266)
John C. Brinkerhoff Jr. (DCSBN 1765474)
**JONES DAY**
51 Louisiana Ave., NW
Washington, DC 20001
Telephone: (202) 879-3939
jbrinkerhoff@jonesday.com

David J. Hacker (SBN 249272)
Ryan Gardner (TXSBN 24101790)
Caroline Hoch (TXSBN 24149660)
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy, Ste. 1600
Plano, TX 75075
Telephone: (972) 941-4444
dhacker@firstliberty.org

*Attorneys for Plaintiffs Christian & Jewish Alliance, Ezra Ministries, and Ruth Mastron*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

Christian & Jewish Alliance Inc., a California not-for-profit corporation, Ezra Ministries, a California not-for-profit religious corporation, d/b/a The Mission Church, and Ruth Mastron,

*Plaintiffs*,

v.

Daniel Brunner, Aimee Magda Werth, Kristina Turner-Brown, Patrick Hartley, Sasha Miller, Jacob Pagaduan, Jonathan Provance, Maya Karalius, and Does 1-40,

*Defendants*.

Case No. 3:25-cv-02992-AGS-AHG
Judge: Hon. Andrew G. Schopler

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR JUDICIAL NOTICE OF *UNITED STATES v. PSL***

Date: October 21, 2026
Time: 2:00 p.m.
Location: Courtroom 5C

**RESPONSE TO DEFENDANTS' MOTION FOR JUDICIAL NOTICE OF *UNITED STATES v. PSL***

Plaintiffs have no objection to bringing *United States v. Party for Socialism and Liberation New Jersey* ("*PSL*"), No. 25-CV-16049, 2026 WL 2938869 (D.N.J. Sept. 30, 2026), to the Court's attention.[1] However, Plaintiffs disagree with Defendants' discussion of the decision in their Supplemental Motion for Judicial Notice. *See* Notice, ECF No. 40. Contrary to Defendants' mischaracterizations of the opinion, several areas of *PSL* affirmatively supports Plaintiffs' case, while little supports Defendants' side.

**1.** *PSL* largely adopted Plaintiffs' reading of § 248(a)(2)'s *mens rea* requirements. Because of textual differences, "unlike § 248(a)(1), § 248(a)(2) does not separately require that a defendant act 'because' a person is exercising a protected right or 'in order to' deter that person from doing so." 2026 WL 2938869, at *5. *PSL* thus "disagree[d]" with Defendants' argument here "that § 248(a)(2) incorporates an equivalent motive requirement." *Id.* at *5 n.2. To the extent this Court reaches the question—which is unnecessary to do given the factual record—*PSL* confirms that the Court should reject Defendants' assumptions about § 248(a)(2)'s requirements.

**2.** *PSL* recognized that the "three types of conduct" the FACE Act prohibits—"force, threats of force, and physical obstruction"—are not "protected speech." *Id.* at *5 (quoting *Terry v. Reno*, 101 F.3d 1412, 1418–19 (D.C. Cir. 1996).[2] This unremarkable conclusion reflects the consensus of all nine circuits to reach the issue. Here, Plaintiffs likewise focus their claims on concrete examples of physical obstruction and force. Plaintiffs cite Defendants' beliefs, statements, and nonobstructive demonstration practices as only probative evidence of other elements under the FACE

---

[1] That said, Federal Rule of Evidence 201 is not the correct vehicle. It applies to only "Judicial Notice of Adjudicative Facts." Fed. R. Evid. 201. In almost all cases, judicial decisions are not adjudicative facts.

[2] As *PSL* demonstrates, the "threat of force" inquiry implicates additional First Amendment inquiries. Because Plaintiffs raise no threat-of-force claim, these inquiries are not material.

Act and California tort law. *See, e.g.*, *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) ("The First Amendment … does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent.").

**3.** *PSL*'s discussion of the pleading deficiencies regarding obstruction contrast with this Complaint's plausible allegations of claims under the FACE Act. The *PSL* complaint failed to allege that two defendants "blocked a route, stood at an entrance, directed others to obstruct passage, or otherwise participated in the alleged physical obstruction." *PSL*, 2026 WL 2938869, at *7, *11. Instead, it simply posited that they were part of a group of protesters at an event that devolved into chaos, and *PSL* correctly noted that § 248 "requires more than being part of a group" and demands "pleading facts about the actor's own conduct." *Id.*[3] *PSL* likewise rejected the claim against the purported "leader" of the protest because the complaint simply alleged, repeatedly, that he "led" a mob without "explain[ing] how [that person] was a leader" or his actions. *Id.* at *12–13.

Here, Plaintiffs' complaint provides precisely the allegations that *PSL* found wanting. It alleges, by name, how Defendants at the March 19 service blocked egress and created a severe bottleneck. *See, e.g.*, Compl. ¶¶ 119, 121, 127, 242. It alleges, by name, how Defendants parading in the entrance to the parking lot obstructed egress. *See, e.g.*, *id.* ¶¶ 176–77, 252. And it alleges, by name, how Defendants obstructed ingress and egress at the Easter service. *Id.* ¶¶ 247–48. On top of that, it alleges a range of other facts regarding Defendants' participation in the disruptions. Similarly, Plaintiffs' allegations regarding Brunner's planning and leadership regarding the September 7 service—the only one where he did not personally engage in physical obstruction—rely

[3] Reflecting their misunderstanding of the difference between pleading joint conduct and a shotgun pleading, Defendants appear to suggest that *PSL* rejected joint and several liability under the FACE Act. But *PSL* did no such thing, which would have required ignoring the Third Circuit's controlling holding otherwise in *Gregg v. United States*, 226 F.3d 253, 258 (3d Cir. 2000).

on plainly supported information-and-belief pleadings that were not addressed by *PSL*. Moreover, these allegations are backstopped by details regarding how he "directed" people, including direct reference to him providing that direction and the coordinated nature of the obstruction that day, which contrasts with the chaotic, unplanned events in *PSL*.

Beyond these distinctions, *PSL* granted leave to amend across the board. For reasons discussed elsewhere, similar leave would be warranted here if the Court finds the complaint insufficient.

**4.** *PSL* rejected a much stronger request for judicial notice from the Defendants' prior requests in this case. *See* ECF Nos. 41, 46. In *PSL*, the defendants sought to introduce an ostensibly "uncontested video" and "annotated map" of the area around the protest that they said contradicted the complaint. *PSL*, 2026 WL 2938869, at *6. After noting that Rule 12 allows consideration of only the complaint and incorporated exhibits, the court observed that Federal Rule of Evidence 201 did "not supply an alternative basis to consider the materials." *Id.* It ruled that the "video and annotated map are not offered to establish neutral facts such as the existence or location of a street or building, but to prove disputed propositions" which "rule 201 does not permit the Court to resolve … at the pleading stage." *Id.* While many problems plague the Defendants' requests for judicial notice here, *PSL* highlights a threshold issue: The materials Defendants submit for the truth of the matter asserted—and the truth of even more extrapolated facts that are not asserted—are far cries from the sort of almanacs, calendars, or other indisputable filings that are typically the subject of judicial notice.

**5.** Defendants' conclusory assertions regarding *PSL*'s approach to the First Amendment, group pleading, and organizer liability, *see* Notice at 5–8, are thus either incorrect or immaterial in light of the Complaint they seek to dismiss. The two arguments that remain fare no better.

*First*, Defendants falsely quote *PSL* as agreeing with their self-coined "nexus" requirement. *PSL* did not, as Defendants suggest, hold that § 248(a)(2) "makes motive

inherent" to "require[]" that proof. *Id.* at 6. Again, *PSL* expressly "disagree[d]" "that § 248(a)(2) incorporates an equivalent motive requirement." *PSF*, 2026 WL 2938869, at *5 n.2. It simply noted that *"[a]s a practical matter*, the statutory language requiring place to be 'in a place of worship' and interdicting conduct against 'a person seeking to exercise the First Amendment right of worship' make motive inherent." *Id.* As a practical matter, that is often true—here, for example, a wealth of evidence shows that each Defendant knew that Plaintiffs invoked their faiths to support Israel, and Defendants simply disagreed with that link. But practical correlation is not a legal requirement. Defendants demand something more than § 248(a)(2)'s "place of worship" and "interdicting conduct" elements, *id.*, which is precisely what *PSL* rejected.

*Second*, Defendants note that *PSL* adopted the construction of "place of religious worship" in *Jingrong v. Chinese Anti-Cult World All. Inc.*, 16 F.4th 47 (2d Cir 2021). But their argument is flawed twice over. First, as their notice demonstrates, even under *Jingrong*'s test Defendants' argument reduces to their incorrect (and inappropriate for the pleading stage) claim that the Legacy International Center is "a commercial hotel and event venue." Notice at 9. To the contrary, the Center is "a Christian religious center," Compl. ¶ 148, and hosts several churches' weekly worship services, among other worship services like the one at issue here. It is certainly plausible that it is a place of religious worship. Second, *PSL*'s adoption of *Jingrong* was uncritical. It did not appear to consider, much less address, arguments regarding either intervening Supreme Court authority or interpretations that undermine *Jingrong*'s approach—arguments Plaintiffs have squarely presented here. So to the extent this Court reaches the issue—and it has no reason to do so on either the pleading or preliminary injunction records—*PSL* does not change the analysis.

* * *

For the foregoing reasons, *PSL* largely supports Plaintiffs' claims here and certainly does not defeat them.

Dated: October 20, 2026

By: */s/ John C. Brinkerhoff Jr.*
John C. Brinkerhoff Jr.

David J. Hacker (SBN 249272)
Ryan Gardner (TXSBN 24101790)
Caroline Hoch (TXSBN 24149660)
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy, Ste. 1600
Plano, TX 75075
Telephone: (972) 941-4444
Email: dhacker@firstliberty.org

C. Kevin Marshall (*pro hac vice*)
John C. Brinkerhoff Jr. (*pro hac vice*)
**JONES DAY**
51 Louisiana Ave., NW
Washington, DC 20001
Telephone: (202) 879-3939
Email: jbrinkerhoff@jonesday.com

*Attorneys for Plaintiffs Christian & Jewish Alliance, Ezra Ministries, and Ruth Mastron*