Thomas B. Harvey (SBN 287198)
**Law Offices of Thomas B. Harvey**
365 E. Avenida de Los Arboles, #226
Thousand Oaks, CA 91360
Telephone: (805)768-4440
Email: tbhlegal@proton.me

Ben Gharagozli (SBN 272302)
**Law Offices of Ben Gharagozli**
7655 Winnetka Avenue, #2010
Winnetka, CA 91306
Telephone: (310) 272-9211
Facsimile: (855) 628-5517
Email: ben@lobglaw.com

Attorneys for Defendants, Daniel Brunner, Aimee Magda Werth, Kristina Turner-Brown, Patrick Hartley, Sasha Spite Miller, Jacob Pagaduan, Jonathan Provance, and Maya Karalius

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Christian & Jewish Alliance Inc., et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>Daniel Brunner, et al.,<br><br>*Defendants.* | Case No. 3:25-cv-02992-AGS-AHG<br><br>Judge: Hon. Andrew G. Schopler<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE**<br><br>Date: December 2, 2026<br>Time: 3:00 p.m.<br>Courtroom: 5C<br>Location: Edward J. Schwartz United States Courthouse<br>221 West Broadway<br>San Diego, CA 92101 |

## I. INTRODUCTION

Plaintiffs' sophisticated counsel could have opposed the anti-SLAPP Motion with evidence. They were offered the opportunity to take discovery. They declined. [ECF No. 59, ¶ 4(c)] Allowing them to revisit that choice would undermine the "just, speedy, and inexpensive determination of" this action per Rule 1. Rejecting the offer to smooth out the process created unnecessary friction, i.e., this round of briefing. The anti-SLAPP statute exists to spare defendants from such burdens and Rule 1 supports that goal too. Further briefing to protect Plaintiffs from their choices would undermine both goals.

## II. ARGUMENT

Declarations rebutted the Plaintiffs' trespass allegations. (ECF Nos. 42, 42-1, 42-2.) That rebuttal was almost entirely uncontested. The Court should grant the Motion.

Rule 60(b) governs the relief that the Plaintiffs could seek if the Court were to grant the motion given Defendants' uncontested evidence. It contemplates the possibility that lawyers commit errors. Moreover, Rule 60(b) "is remedial and should be liberally construed." *Atchison, T. & S.F.R. Co. v. Barrett,* 246 F.2d 846, 849 (9th Cir. 1957). Nevertheless, the Plaintiffs should be required to explain why their failure to oppose the anti-SLAPP Motion with evidence satisfies its requirements.

That failure was a choice. Everyone agrees that, when defendants in a Federal action support their anti-SLAPP motion with evidence, "discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court." *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018).

Discovery was allowed. It was offered. Plaintiffs declined the invitation and chose to rely on footnote 13 in the Defendants' initial briefing despite subsequent discussions. The case law does not allow the Plaintiffs to seize on a stray footnote to defeat an anti-SLAPP motion on procedural grounds. Instead, the Ninth Circuit held the district court "correctly evaluated [defendant's] challenge as a factual one based on her own statements

in her anti-SLAPP motion and her reliance on extrinsic evidence at both steps." *Gunn v. Drage*, 65 F.4th 1109, 1120 (9th Cir. 2023). In this case, as in *Gunn,* the Defendants' "reliance on extrinsic evidence at both steps" established their motion as a challenge to the evidence. Of course, these Defendants went further. The opportunity to conduct discovery was offered explicitly and declined just as explicitly.

**A. The Motion's Extrinsic Evidence Renders it a Factual Challenge.**

The Motion resembles the motion in *Gunn* because it was supported by declarations contradicting the trespass allegations. Those declarations were not concealed. The notice stated that the motion relied on those declarations. (ECF Nos. 42-1, 42 at 2.) *See Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021) ("The defendant determines which motions she files, not the plaintiff.").

Thus, the Defendants' motion was not limited to "only the legal sufficiency of a claim." *Planned Parenthood*, 890 F.3d at 834. It challenged "the factual sufficiency of a claim." *Id.* As in *Gunn*, Defendants relied on extrinsic evidence. 65 F.4th at 1120.

Plaintiffs ignore the full context of footnote 13. That footnote (although imprecise) does not change the nature of the Motion for four reasons.

First, one footnote did not withdraw the declarations that were referenced in the notice of the Motion and supported the Motion. Plaintiffs' opposition anticipated a Rule 56 challenge and invoked *Planned Parenthood*'s discovery language. (ECF No. 49 at 13).

Second, the footnote was boilerplate. It appears in a recitation of the general legal standard. It refers to the "Complaint." With one other exception, the Motion refers to the operative pleading as "FAC." Defendants' declarations address central issues for both anti-SLAPP prongs. *Planned Parenthood* looks to "the motion's basis," 890 F.3d at 833, and *Gunn* to the defendant's "reliance on extrinsic evidence," 65 F.4th at 1120. A footnote cannot erase declarations filed with and cited in the Motion. *Planned Parenthood* concerns fairness: a plaintiff should not be required "to submit evidence to oppose contrary evidence that was never presented by defendants." 890 F.3d at 834.

Here, the evidence *was* presented with the Motion. Plaintiffs' counsel chose not to present contrary evidence.

The Motion relies on Defendants' declarations according to the standards established by *Gunn*. *Gunn* looked both to the defendant's statements in her motion and to her "reliance on extrinsic evidence." 65 F.4th at 1120. A defendant's description of its own argument does not control when its evidence attacks the complaint's allegations directly. *See Better Meat Co. v. Emergy, Inc.*, 2022 U.S. Dist. LEXIS 93793 (E.D. Cal. 2022) (treating motion as a factual challenge because "[defendant's] evidence attacks [plaintiff's] allegations directly" even though not all of the arguments rested on factual challenges).

Third, Defendants cured any confusion by offering discovery. [ECF No. 59, ¶ 4(c)]. The Motion should be granted and if Plaintiffs deem it proper, they can seek Rule 60 relief.

Fourth, Plaintiffs implicitly conceded that the Motion is a factual challenge by citing their own extrinsic evidence that Defendant Brunner was outside the Church. [ECF No. 49 at n.4 (citing ECF No. 35-11 ¶ 24).] When a defendant makes only a legal challenge, a plaintiff's "reliance on evidence outside of its complaint in defending against [an anti-SLAPP motion] [is] improper." *Gunn*, 65 F.4th at 1120 (quoting *Herring*, 8 F.4th at 1156).

The power to have it both ways should not be granted to any counsel, no matter how prestigious.

**B. The Motion Should Be Granted per Rule 56.**

Plaintiffs fail their second-prong burden because they chose not to counter the Defendants' declarations with evidence (with one exception).[1] The evidence mentioning Defendant Brunner did not provide evidentiary support for the trespass claim as it merely claimed that he was "part of that mob" outside of the Church and that he had registered for the event in his own name. (ECF No. 35-11 ¶¶ 23-24).

Discovery should not delay the relief the anti-SLAPP statute offers to defendants.

[1] Since the FAC is not verified, it "cannot be considered as evidence at the summary judgment stage." *Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006). Accordingly, the Court should grant the Motion under Rule 56(e)(2) and (3).

*Planned Parenthood* requires discovery to "be allowed," 890 F.3d at 834, and Rule 56(d) "requires discovery only 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'" *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) [quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)].

Plaintiffs had that opportunity. Rule 26(d)(1) permits discovery before the Rule 26(f) conference when authorized by stipulation or by court order. After Plaintiffs invoked *Planned Parenthood*'s discovery language, Defendants offered discovery. Plaintiffs declined. [ECF No. 59, ¶ 4(c)].

Plaintiffs' choice should not be disturbed outside of the Federal Rules. They have neither filed a Rule 60 motion nor even made a Rule 56(d) showing. "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." Rule 56(d)(2). Plaintiffs' abbreviated objection does not satisfy the requirements of Rule 56(d), especially when it follows their rejection of Defendants' invitation to do discovery.

In *Todd v. Lovecruft*, both parties expressly waived discovery. The District Court held it could decide the factual challenges without discovery as "*Planned Parenthood* stated that 'discovery must be *allowed*,' not that discovery must occur." 2020 U.S. Dist. LEXIS 2309, at *27 (N.D. Cal. 2020) (emphasis in original). Here, Plaintiffs' counsel rejected the Defendants' invitation to conduct discovery and have not attempted to make the showing required by Rule 56(d). Those decisions should be treated as a waiver. If the Plaintiffs wish to revisit their choices, Rule 60(b) provides an established procedure for doing so.

If the Court permits Plaintiffs further opportunity for discovery, *Williams v. Kula*, 2020 U.S. Dist. LEXIS 154978 (S.D. Cal. 2020) (Goddard, M.J.), is instructive. Weeks after the defendants filed anti-SLAPP motions, plaintiffs filed a motion seeking discovery to respond (depositions of all parties in the case and of all non-parties who provided

declarations in support of the motions, document requests to all defendants, and subpoenas to those non-party declarants and to any other non-party that may have evidence related to the case). *Id.* at *4.

> Rule 56(d) requires some threshold showing by the party seeking discovery that, "for specified reasons, it cannot present facts essential to its opposition" without the discovery requested. [Rule] 56(d); see also *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) ("Rule 56[(d)] requires affidavits setting forth the particular facts expected from the movant's discovery"). *Id.* at *15-16.

The Court found the request for discovery "too broad", amounting to permitting "nearly all discovery needed for the case before the anti-SLAPP motions are decided. Further this far-reaching request is not tied with specificity to the factual attacks on the Complaint in Defendants' anti-SLAPP motions." *Id.* at *16.

The Court denied discovery on non-parties. *Id.* at *17-19. "Under the Rule 56(d) standard that applies here, discovery needed to oppose an anti-SLAPP motion challenging the factual sufficiency of a complaint is limited to discovery essential to plaintiff's opposition." *Id.* at *24-25. The Court permitted plaintiffs 60 days for discovery on the three factual challenge categories; two depositions of any of the eight defendants not to exceed seven hours total; four interrogatories and four document requests per defendant. The written discovery could go to "all issues, including personal jurisdiction," but the court barred Plaintiffs from serving "any discovery beyond these limits". *Id.* at *25-27.

If the Court permits Plaintiffs discovery, Defendants request that Plaintiffs make the showing required by Rule 56(d) or by Rule 60(b).

Dated: November 4, 2026

Respectfully submitted,

Law Offices of Ben Gharagozli

By: /s/ Ben Gharagozli

Ben Gharagozli

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: November 4, 2026

By: /s/ Thomas B. Harvey

Thomas B. Harvey