C. Kevin Marshall (DCSBN 476266)
John C. Brinkerhoff Jr. (DCSBN 1765474)
**JONES DAY**
51 Louisiana Ave., NW
Washington, DC 20001
Telephone: (202) 879-3939
Email: jbrinkerhoff@jonesday.com

David J. Hacker (SBN 249272)
Ryan Gardner (TXSBN 24101790)
Caroline Hoch (TXSBN 24149660)
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy, Ste. 1600
Plano, TX 75075
Telephone: (972) 941-4444
Email: dhacker@firstliberty.org

*Attorneys for Plaintiffs Christian & Jewish Alliance, Ezra Ministries, and Ruth Mastron*

(Additional Counsel on Signature Page)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

Christian & Jewish Alliance Inc., a California not-for-profit corporation, Ezra Ministries, a California not-for-profit religious corporation, d/b/a The Mission Church, and Ruth Mastron,

*Plaintiffs,*

v.

Daniel Brunner, Aimee Magda Werth, Kristina Turner-Brown, Patrick Hartley, Sasha Miller, Jacob Pagaduan, Jonathan Provance, Maya Karalius, and Does 1-40,

*Defendants.*

Case No. 3:25-cv-02992-AGS-AHG
Judge: Hon. Andrew G. Schopler

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' SPECIAL MOTION TO STRIKE**

Date: December 2, 2026
Time: 3:00 p.m.
Location: Courtroom 5C

## INTRODUCTION

Defendants repeatedly stated that they "challenge[d] only the legal sufficiency of the Complaint," citing the governing caselaw identifying Rule 12 challenges. Stressing that the Church was bound by its own Complaint, Defendants' argument relied almost entirely on the pleadings, which would be irrelevant at summary judgment. Only after the Church's response identified fatal flaws in that strategy did Defendants claim, for the first time in reply, that their motion was factual. Nothing justifies that prejudicial pivot, which came after the Church had incurred substantial time and expense answering a legal challenge. Parties are bound by the positions they take in their briefs, and Defendants made their position clear. Even setting that aside, deferred anti-SLAPP disputes are limited to the factual arguments in the initial motion. At most, Defendants raised a single, immaterial factual dispute—whether Brunner was present on March 19—and the Church has already rebutted that. Either way, the motion should be denied.

## ARGUMENT

### I. Defendants Raised a Legal Challenge.

Whether an anti-SLAPP motion raises factual or legal challenges turns on the movants' "own statements in [the] anti-SLAPP motion and [their] reliance on extrinsic evidence at both steps" of the analysis. *Gunn v. Drage*, 65 F.4th 1109, 1120 (9th Cir. 2023); *Pl. Phd. v. Ctr. for Med. Prog.*, 890 F.3d 828, 832 (9th Cir. 2018). Attaching declarations or citing evidence as background does not make a challenge factual. *See id.* And a motion's character is fixed at filing, not on reply or after briefing. *See id.*

In *Planned Parenthood*, the defendants' opening brief "attacked pleading deficiencies," offering "no evidentiary-based argument … other than a declaration" as background. 890 F.3d at 832. The defendants then raised "evidentiary-based arguments … for the first time in their Reply." *Id.* Given the opening brief's framing, the court "limited its review to the adequacy of Plaintiffs' pleadings," and the Ninth Circuit agreed that it "correctly applied a Rule 12(b)(6) standard." *Id.* at 832, 834.

*Gunn* is the flip side. The defendant "explicitly framed her challenge as a factual

one and … submitted a significant amount of extrinsic evidence." 65 F.4th at 1117. Citing the movant's "own statements … and her reliance on extrinsic evidence at both steps" in her argument, the Ninth Circuit agreed the challenge was factual. *Id.* at 1120.

Here, Defendants raised a legal challenge in what they both said and argued.

**1.** Start with Defendants' "own statements." *Id.* Defendants "explicitly framed [their] challenge as a [legal] one." *Id.* at 1117. They asserted that they prevail "if the plaintiffs have not shown *the complaint* to be *legally sufficient* in every material respect." MTS 13-14. They reiterated their "Motion … *challenges* <u>*only*</u> *the legal sufficiency of the Complaint.*" *Id.* And in support, they cited the *controlling authority* on distinguishing Rule 12 and Rule 56 anti-SLAPP motions, which uses the identical phrase—"challenging the legal sufficiency"—to describe Rule 12 motions. *Id.* (citing *Pl. Phd.*, 890 F.3d at 834). A "party … is bound by concessions made in its brief." *Hilao v. Marcos*, 393 F.3d 987, 993 (9th Cir. 2004). And Defendants would satisfy even a magic-words requirement here.

Not that it matters, but Defendants also explained why they took this position. First, they thought it imposed a demanding presentation standard. *See* MTS 14 & n.13. Second, they wanted to confine the Church to the Complaint. They stressed that the "complaint provides the outer boundaries of the issues" and that "the court must take the complaint as it is." MTS 14. They argued the Church pleaded itself out of court because "the actual facts of the FAC tell a different story"—namely that the event was a "political forum" they could disrupt "for expressive purposes." MTS 15-17, 23. Only after the response undermined that theory did Defendants assert, *for the first time in reply*, that their challenge was factual. That sandbagging is improper. *Pl. Phd.*, 890 F.3d at 832.

**2.** While Defendants' concessions control, their arguments show the same.

*Turner-Brown, Miller, and Pagaduan*. These Defendants' argument cited only the Complaint, not evidence. Yet pleadings are irrelevant under Rule 56. *See McCollum v. California*, 647 F.3d 870, 882-83 (9th Cir. 2011). Had they raised a factual challenge, they would have cited evidence *in their argument* like the movant in *Gunn*. Indeed, because they made no evidentiary arguments, they failed to satisfy their "initial burden of production"

under Rule 56, so the Church had "no obligation to produce anything." *Nissan v. Fritz*, 210 F.3d 1099, 1102-03, 05-06 (9th Cir. 2000). Denial would thus be warranted even if the whole motion were factual. The only explanation is the one Defendants gave: They "challenge[d] *only* the legal sufficiency of the Complaint." MTS 14.

*Brunner*. Brunner's motion largely suffers from the same defects. His only distinct argument was that he did not attend the March 19 event, citing his own declaration. MTS 24. This citation does not override his representations to this Court. *See supra* at 2.

Even were that citation enough for a factual challenge, it would not convert the *entire motion* into one. Because "there's no requirement for a plaintiff to submit evidence to oppose contrary evidence that was never presented by defendants," *Pl. Phd.*, 890 F.3d at 834, the motion would be *mixed*: The Court would apply Rule 56 to that argument alone and Rule 12 to the rest. *Mandel v. Hafermann*, 503 F. Supp. 3d 946, 961 (N.D. Cal. 2020) (describing this "two stage[]" approach to motions "rais[ing] both legal and factual challenges"); *see, e.g.*, *Woloszynska v. Netflix*, 2023 WL 7166828, at *4 (N.D. Cal. 2023) ("[T]he Court applies the Rule 56 standard to Defendants' first argument, but the 12(b)(6) standard to [their] second and third arguments."); *Shande v. Zoox*, 2023 WL 5211628, at *7 (N.D. Cal. 2023) (applying Rule 12 "at step two" where factual evidence was submitted for only step one); *Penrose v. Mabray*, 479 F. Supp. 3d 840, 849 (N.D. Cal. 2020) (similar); *Avid v. Frankel*, 2023 WL 5056949, at *4 (D. Ariz. 2023) (similar).

Treating the motion as mixed does not change the result. The Church factually disputed Brunner's only argument: "Not that it matters at the pleading stage, but there is evidence identifying [Brunner] at the Church, so there would be a dispute of fact even under Rule 56." MTS Resp. 11 n.4 (citing Mahoney Decl. ¶ 24, ECF 35-11). The Church also argued that Brunner's presence is irrelevant to his aiding-and-abetting liability. *See id.* Discovery would be warranted only if the Court rejected both points.

**3.** Defendants' cursory arguments to the contrary lack merit.

*First*, Defendants argue their motion "resembles the motion in *Gunn*" because they attached declarations. But *Gunn* involved *both* explicit "statements" that the

challenge was factual *and actual* "*reliance* on extrinsic evidence *at both steps*" *of argument in the brief*. 65 F.4th at 1120. Defendants made the *opposite* statements. And Turner-Brown, Miller, and Pagaduan cited no evidence, while Brunner offered only a lone citation. Attaching evidence without *citing it in argument* is not "reliance" on evidence. *See Pl. Phd.*, 890 F.3d at 832. The "adversarial system relies on the advocates to inform the discussion and raise the issues." *Indep. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). That is why Rule 56 "requires that parties support material facts with citations to the 'particular parts' of supporting exhibits." *FIC v. Tungsten*, 654 F. Supp. 3d 1086, 1102 (S.D. Cal. 2023) (declining to consider citations without pincites); *see Orr v. BOA*, 285 F.3d 764, 775 (9th Cir. 2002) (same). The question is whether Defendants made "*evidentiary-based argument*[*s*]," not whether they attached "declaration[s]." *Pl. Phd.*, 890 F.3d at 832.

*Second*, Defendants dismiss one of their concessions as "boilerplate" that "cannot erase declarations filed with and cited in the Motion." Supp. Br. 2-3. But a concession repeated, explained, and invoked for strategic advantage is not "boilerplate"—a legally meaningless label in any event. Defendants cannot recast their motion by belatedly asking the Court to infer a position contrary to the one they unambiguously took.[1]

In any event, there is nothing to "erase." Apart from Brunner's (disputed) argument, *where does the motion cite any declaration, and to support what arguments*? Had Defendants framed their motion as factual and supported particular arguments with evidence, this Court would have separated the legal and factual challenges, resolving the former and deferring the latter. *See supra* at 3. Here, there is nothing to separate because there are no discrete factual *arguments* still warranting a response. To reiterate, "there's no requirement for a plaintiff to submit evidence to oppose contrary evidence that was never presented by defendants." *Pl. Phd.*, 890 F.3d at 834; *see Indep.*, 350 F.3d at 929.

*Third*, Defendants claim they "cured any confusion by offering discovery," citing

---

[1] Defendants' citation otherwise, *Better Meat v. Emergy*, 2022 WL 2164749 (E.D. Cal. 2022), involved no concession. The movant argued the statements at issue were privileged "as a matter of law." *Id.* at *3. Relief "as a matter of law" applies to successful motions under either Rule 12 or 56, so the court correctly looked to substance. *Id.*

a declaration they improperly filed without leave long after briefing closed. The Church disputes the declaration's accuracy,[2] but it is a red herring. A belated offer of limited discovery neither changes the motion nor compensates for the cost of responding to it. If Defendants cannot rewrite their motion on reply, they cannot do so after briefing.

*Fourth*, Defendants argue the Church "conceded" the motion was factual by objecting out of an abundance of caution to the absence of discovery and disputing the only factual citation in Defendants' argument section. But the Church qualified both fallback responses as unnecessary given the legal challenge at issue. MTS Resp. 4, 11.

## II. There Is No Reason to Reconsider the Initial Anti-SLAPP Ruling.

This Court has already ruled: If the motion is legal, it is denied; if it is factual, the Church can supplement its response after discovery. Without addressing this ruling and oddly suggesting the Church must satisfy Rule 60(b), Defendants renew an untimely theory first raised at the hearing: They now accept that the Church has a right to discovery, but contend that its decision to insist on discovery in the ordinary course, *see supra* note 2, "should be treated as a waiver," Supp. Br. 1, 4. This Court has already rejected this theory. Pre-conference discovery requires a stipulation or court order. FRCP 26(d)(1). Neither has happened here. Discovery aside, the Church still has not had a "reasonable opportunity" to supplement its response with evidence. FRCP 12(d).

Defendants also propose bifurcating discovery. But they offer no reason to do so, and bifurcation is an exception, not a rule. Besides, how would discovery be limited? Their own cases limit discovery to unrebutted factual arguments in the initial anti-SLAPP motion. That is not possible where, as here, no such arguments exist.

There is no basis for reconsideration. Defendants' motion should be denied.

---

[2] Among other inaccuracies, Defendants' "offer" was for limited, expedited discovery and full rebriefing before the August hearing. The Church declined for several reasons: (1) Even if their motion were factual, Defendants would have no right to redo their opening brief (and raise new arguments); (2) the Church had no obligation to curtail its discovery rights and accept an expedited process without this Court's protection; (3) the rushed discovery could not be meaningful given that Defendants had claimed total unavailability during July, *see* ECF 56 ¶ 2; and (4) Defendants refused to cover the costs of preparing what would be a mooted response brief that they improperly induced.

Dated: November 18, 2026

By: */s/ John C. Brinkerhoff Jr.*
John C. Brinkerhoff Jr.

David J. Hacker (SBN 249272)
Ryan Gardner (TXSBN 24101790)
Caroline Hoch (TXSBN 24149660)
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy, Ste. 1600
Plano, TX 75075
Telephone: (972) 941-4444
Email: dhacker@firstliberty.org

C. Kevin Marshall (DCSBN 476266)
John C. Brinkerhoff Jr. (DCSBN 1765474)
**JONES DAY**
51 Louisiana Ave., NW
Washington, DC 20001
Telephone: (202) 879-3939
Email: jbrinkerhoff@jonesday.com

William K. Leathers (OHSBN 102773)
**JONES DAY**
325 John H. McConnell Blvd., Ste. 600
Columbus, OH 43215
Telephone: (614) 469-3939
Email: wleathers@jonesday.com

*Attorneys for Plaintiffs Christian & Jewish Alliance, Ezra Ministries, and Ruth Mastron*